1  SEAN K. KENNEDY (No. 145632)
   Federal Public Defender
2  (E-mail: Sean_Kennedy@fd.org)
   CARLTON F. GUNN (No. 112344)
3  Deputy Federal Public Defender
   (E-mail: Carlton_Gunn@fd.org)
4  CHARLES C. BROWN (No. 179365)
   Deputy Federal Public Defender
5  (E-mail: Charles_Brown@fd.org)
   321 East 2nd Street
6  Los Angeles, California 90012-4202
   Telephone (213) 894-1700
7  Facsimile (213) 894-0081

8  Attorneys for Defendant
   MICHAEL PEPE
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   WESTERN DIVISION

13

14  UNITED STATES OF AMERICA,     )  NO. CR 07-168-DSF
                                   )
15              Plaintiff,         )  SUPPLEMENTAL
                                   )  MEMORANDUM OF POINTS
16       v.                        )  AND AUTHORITIES IN
                                   )  SUPPORT OF MOTION TO
17  MICHAEL PEPE,                  )  SUPPRESS EVIDENCE
                                   )
18              Defendant.         )
                                   )
19  _____  )

20

21       Defendant, Michael Pepe, through his counsel of record, Deputy Federal Public

22  Defender Carlton F. Gunn and Deputy Federal Public Defender Charles C. Brown,

23  hereby files the attached supplemental memorandum of points and authorities

24  ///

25  ///

26  ///

27  ///

28

P:\Gunn\PEPE\PLDSuppSuppress.wpd

1   in response to the Court's minute order dated December 5, 2007.

2

3                                          Respectfully submitted,

4                                          SEAN K. KENNEDY
5                                          Federal Public Defender

6

7   DATED:  December 2o, 2007        By _____
8                                          CARLTON F. GUNN
                                           Deputy Federal Public Defender
9

10

11                                         SEAN K. KENNEDY
                                           Federal Public Defender
12

13  DATED:  December 20, 2007        By _____
14                                         CHARLES C. BROWN
                                           Deputy Federal Public Defender
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On June 26, 2007, the defense filed a motion to suppress evidence in which it argued, inter alia, that a warrantless search of Mr. Pepe's computer violated the Fourth Amendment. The government filed an opposition to the motion, the defense filed a reply, and the Court held a hearing on the motion on October 29, 2007 and December 3, 2007.

On December 5, 2007, the Court filed a minute order denying the motion in part but ordering further briefing on the computer search issue. This supplemental memorandum of points and authorities is filed in response to that order.

## II.

## ARGUMENT

A.   THE COURT SHOULD RECONSIDER ITS CONCLUSION THAT THE FOCUS SHOULD BE ON COMPLIANCE WITH FOREIGN LAW.

Initially, the defense asks the Court to reconsider its conclusion that the focus in analyzing the constitutionality of the initial warrantless computer search should be on compliance with foreign law. *United States v. Barona*, 56 F.3d 1087 (9th Cir. 1995) and the other joint venture foreign search cases involve searches done *jointly* by American and foreign officials, not searches done by American officials alone at the request of foreign officials. Extending the joint venture case law to searches done by Americans alone would lead to absurd results; for example, a foreign official's request that American officers search the home of an American citizen in Los

1   Angeles, while the American citizen is still living there, would become subject to
2   foreign search standards rather than American search standards.  In addition, the
3   rationale underlying the joint venture search standard – that American courts cannot
4   and should not control the conduct of foreign law enforcement officers – does not
5   apply when the search is conducted solely by American officers.  American courts
6   can and should control the conduct of American officers.
7
8          The *Barona* case cited in the Court's order is actually the mirror image of the
9   present case.  In *Barona*, Danish authorities conducted a search – specifically, a
10  wiretap – at the request of American authorities, *see Barona*, 56 F.3d at 1094, and the
11  Court held that Danish law is what set the Fourth Amendment standard, *see id*. at
12  1094.  Here, there is the opposite scenario: American authorities conducting a search
13  at the request of foreign authorities.[1]  It follows that the controlling standard should
14  also be the opposite, *i.e.*, American search requirements should set the Fourth
15  Amendment standard.
16
17  B.     EVEN IF THE FOCUS IS CAMBODIAN LAW, THE WARRANTLESS
18         COMPUTER SEARCH MUST BE FOUND INVALID.
19
20         Even if the Court adheres to its conclusion about the Fourth Amendment
21  standard to be applied, it should grant the motion as to the initial warrantless
22  computer search.  The first reason for this is that there was no Cambodian search
23
24  _____
25         [1]  This is even assuming the correctness of the Court's conclusion that the
    forensic computer examination was undertaken in order to aid Cambodian officials,
26  with which conclusion the defense respectfully disagrees.  The additional report of
    investigation prepared by Agent Phillips that is attached as Exhibit A provides further
27  evidence that there was at the very least a dual purpose underlying the forensic
    computer examination.  That report contains a directive to the forensic computer
28  examiner to "conduct forensic analysis on all electronic media and make two copies
    of all of the images for ICE Bangkok and the AUSA."  Exhibit A, at 2.

1    warrant authorizing the search of the computer.  To begin, the only search warrant

2    that the Cambodian police ever got was obtained after the searches and retroactively

3    dated June 17, 2006, as evidenced by the exhibits which are discussed in more depth

4    in the original memorandum of points and authorities submitted with the Motion to

5    Suppress Evidence.  *See* Motion to Suppress Evidence, at 5, 8 & Exs. E, F.  And even

6    the search warrant obtained after the fact authorized officers to search only "the

7    *residence* at number 83, Road 596, Subdistrict Boeng Kak II, District Tuol Kork, City

8    of Phnom Penh, with a resident named Michael Joseph."  Motion to Suppress

9    Evidence, Exhibit E (emphasis added).  It did not authorize the additional search of a

10   computer and computer media.  It certainly did not authorize such a search weeks

11   later, or even months later in September, which was when the search of the computer

12   here appears to have actually taken place.[2]

13

14         Then there is a second reason the search of the computer violated Cambodian

15   law, somewhat related to the first.  That is that under Cambodian law, searches "must

16   be authorized by one of the judges of the competent court or by the prosecutor."

17   Motion to Suppress Evidence, Exhibit I, art. 20, § 2.  The request for the search of the

18   computer here, according to Agent Phillips's testimony, was from the police.

19

20         Then there is a third reason the initial warrantless computer search violated

21   Cambodian law.  That is that Mr. Pepe was not present.  A special provision of

22   Cambodian law that goes beyond American search law requirements is that

23   "[s]earches must be conducted in the presence of the suspect."  Motion to Suppress

24   Evidence, Exhibit I, art. 20, § 1.  That this requirement applies not only to the initial

25

26         [2]  The report prepared by the forensic computer analyst indicates that the
27   computer was received on June 30, 2006 and that an initial duplicate image was made
     then, but that the actual forensic analysis took place on September 19, 2006, when the
28   analyst discovered that a second duplicate image had to be made due to computer
     failure.  *See* Motion to Suppress Evidence, Exhibit H.

search in which items are taken from a house but also to subsequent searches is evidenced by a portion of the CD of the searches which was introduced into evidence at the hearing as Defense Exhibit 105.[3]  This CD shows that Mr. Pepe was present not only at the initial searches of his house but also when agents looked through his property at the Cambodian police station.  *See* Def. Ex. 105, CD1, time counter 11:48. Yet Mr. Pepe was not present during any part of the search of his computer.[4]

Finally, Agent Philips cannot claim some sort of good faith belief that there was no problem, because he knew about the foregoing requirements of Cambodian law.  Indeed, he so testified at the hearing.  First, he testified that he knew Cambodian law required a search warrant.  Second, he testified that he knew Cambodian law required the defendant to be present during a search.[5]

\* \* \* \* \* \* \* \* \*

---

[3]  This exhibit was retained by defense counsel after the hearing but can be returned to the Court if the Court wishes.

[4]  A second section of the article of the Cambodian code which requires the defendant to be present during the search does add the caveat "if possible," Motion to Suppress Evidence, Exhibit I, art. 20, § 2, and the government could argue that it was not possible to have Mr. Pepe in Singapore.  Even assuming this qualification can override the unqualified requirement in section 1 of the same article, it does not save the government here.  The search took place in Singapore only because of the government's choice of location.  To argue that the government can avoid Cambodian limitations by moving the property to an American facility in another country but not have to accept American limitations is the grossest example of allowing a party to have its cake and eat it too.

[5]  If the government attempts to offer a supplemental declaration containing some sort of equivocation by Agent Phillips on these points, the Court should not accept that declaration.  It would be unfair to accept additional self-serving evidence only after the Court's request for supplemental briefing and/or defense counsel's response have pointed out weaknesses in the government's presentation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

III.

CONCLUSION

The Court should grant the defense motion as to the initial warrantless computer search.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  December 20, 2007          By _____
CARLTON F. GUNN
Deputy Federal Public Defender

SEAN K. KENNEDY
Federal Public Defender

DATED:  December 20, 2007          By _____
CHARLES C. BROWN
Deputy Federal Public Defender