1  SEAN K. KENNEDY (No. 145632)
   Federal Public Defender
2  (E-mail:  Sean_Kennedy@fd.org)
   CARLTON F. GUNN (No. 112344)
3  Deputy Federal Public Defender
   (E-mail:  Carlton_Gunn@fd.org)
4  CHARLES C. BROWN (No. 179365)
   Deputy Federal Public Defender
5  (E-mail:  Charles_Brown@fd.org)
   321 East 2nd Street
6  Los Angeles, California  90012-4202
   Telephone (213) 894-1700
7  Facsimile (213) 894-0081
8
   Attorneys for Defendant
9  MICHAEL PEPE

10
11                UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13                     WESTERN DIVISION

14
15  UNITED STATES OF AMERICA,        )  NO. CR 07-168-DSF
                                     )
16              Plaintiff,           )  **REPLY TO GOVERNMENT'S**
                                     )  **OPPOSITION TO DEFENDANT'S**
17        v.                         )  **MOTION FOR CONTINUANCE**
                                     )
18  MICHAEL PEPE,                    )  Hearing Date:  January 7, 2008
                                     )  Hearing Time:  10:00 a.m.
19              Defendant.           )
                                     )
20  ─────────────────────────────── )

21
22        Defendant, Michael Pepe, through his counsel of record, Deputy Federal

23  Public Defender Carlton F. Gunn and Deputy Federal Public Defender Charles C.

24  Brown, hereby replies to the government's opposition to his motion for continuance.

25  This reply is based on the attached memorandum of points and authorities, all files

26  ///

27  ///

28  ///

1   and records in this case, and such further evidence and argument as may be presented
2   at the hearing on the motion.

3

4                                    Respectfully submitted,

5                                    SEAN K. KENNEDY
                                     Federal Public Defender
6

7
    DATED:  January 2, 2008         By _____
8                                        CARLTON F. GUNN
                                         Deputy Federal Public Defender
9

10

11                                   Respectfully submitted,

12                                   SEAN K. KENNEDY
                                     Federal Public Defender
13

14
    DATED:  January 2, 2008         By _____
15                                       CHARLES C. BROWN
                                         Deputy Federal Public Defender
16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

<u>ARGUMENT</u>

The Court should grant at least the short continuance requested in the defense's motion for continuance. That continuance is justified for reasons set forth in the moving papers as well as additional reasons which have arisen since the motion was filed.

Initially, with respect to the reasons already set forth in the motion, the government's assertion that "there are a number of Khmer interpreters in California, who can be retained to translate documents into English," Government's Opposition, at 2, is not consistent with what the defense has found, nor with the time it appeared to take the government to provide its translations. The government's most recent set of Cambodian translations was provided just at the end of October. And the defense's paralegal has found just two other Cambodian translation services in its search for possible assistance.[1] The initial estimate provided by the service the paralegal was able to most quickly communicate with was over $15,000 to translate one set of documents. This necessitated the defense conducting an initial review of the documents in an effort to narrow down the actual documents to be translated, and the process then ran into the holiday season, during which communication with the translation service has been problematic.

---

[1] The Federal Public Defender's staff interpreter has explained to counsel that there is a significant difference between interpretation of oral testimony and/or statements and translation of written documents. An individual who may be expert in interpretation is not necessarily expert in translation. The potential for error in the translation of Cambodian documents is significant, moreover, as evidenced by the government's correction of quite basic parts of the translation of one document in the translator's declaration it has submitted with its recent response to the Court's request for further briefing regarding the computer search in this case. *See* Government Submission in Response to Court's Order Dated December 5, 2007, Declaration of Sambo Ly.

1    Nonetheless, it is possible the defense may be able to get the translations done

2  that it needs to have done by the present trial date.  Of greater concern amongst the

3  initial reasons given in support of the motion for continuance[2] is the late provision of

4  discovery, most significantly, disclosure related to the computer evidence in the case.

5  The government has responded to some of the defense's requests, *see* Exhibits A, B,

6  and has provided a further report and summary of testimony it intends to offer from

7  its computer expert, *see* Exhibits C, D, but there remain some matters still

8  outstanding, *see* Exhibit E, and the expert's report was provided only just before

9  Christmas week, *see* Exhibit C.  This latter timing is problematic because the

10  associate in the defense expert's office who has been working on this case had a pre-

11  planned vacation to Europe scheduled to begin the day after Christmas and continue

12  until January 11.  It turned out she had to cancel that vacation because she had a life-

13  threatening reaction to medication that required hospitalization in an intensive care

14  unit, but that medical problem itself will make her unavailable for at least a

15  comparable period of time.  This means that, without a continuance, the defense will

16  not be able to have its expert analysis of the complete, unredacted computer evidence

17  done until the week of January 14, which is just two weeks before the present trial

18  date.  And this is assuming the defense expert can come to Los Angeles then.[3]

19

20    There are also additional considerations  justifying a continuance that have

21  arisen since the defense filed its motion.  Initially, the government has just disclosed

22  several additional experts which it intends to call, some of which have yet to even

23  provide reports.  *See* Exhibits F, G, H, I.  Some of these experts appear to be of a type

24

25    [2]  In light of the Court's indication of how it would exercise its discretion
   regarding a juror questionnaire, the defense agrees that is not a ground for

26  continuance.

27    [3]  As the defense indicated in its November 2, 2007 discovery letter, which
   specifically reiterated its request for a summary of computer expert testimony, the

28  defense expert was not going to come down to review the complete, unredacted
   discovery in Los Angeles until a full summary of the government expert testimony
   was available.  *See* Defense Motion for Continuance of Trial, Exhibit B.

1  that will likely have testified in prior trials, so the defense will wish to attempt to
2  obtain transcripts of their prior testimony.  And at least two of the experts have
3  lengthy curriculum vitae that list publications defense counsel should consider
4  reviewing in preparation for cross-examining the experts.
5
6       Finally, there may be problems with obtaining travel documents for witnesses
7  the defense is bringing from Cambodia.  *See* Defense Motion for Continuance of
8  Trial, at 8 n.5 (anticipating this possibility).  The officer at the American Embassy in
9  Cambodia who has been designated to assist in the matter has indicated to defense
10  counsel that some of the witnesses may not qualify for visas in her view.  While there
11  is a possibility of using an alternative procedure known as parole, defense counsel are
12  not absolutely certain that that procedure can be used, and defense counsel have been
13  told by counsel who used a similar procedure to bring Cambodian witnesses to the
14  United States in a similar case that the overall process in that case took thirty days.  If
15  the process takes just a little longer in the present case, this could create additional
16  problems, and it creates uncertainty in the present case at the very least.
17
18       It is true that this case involves minor victims and that that is a consideration
19  that must be taken into account under 18 U.S.C. § 3509(j).  The additional delay
20  which would result from the two-month continuance being sought here must be
21  considered in a relative sense, however.   If the time in Cambodia is considered, this
22  case has been going on for over a year and a half already.  Adding just an additional
23  two months in order to assure  a fair trial for a defendant who is facing what may be,
24  as a practical matter, a life sentence if he is convicted[4] is not unreasonable.
25
26
     _____
27       [4]  The government's last, best plea offer in this case was for a sentence of 20
     years, which would have kept Mr. Pepe in custody until he was 70 years old.  The
28   government has indicated that it will seek a much longer sentence if Mr. Pepe is
     convicted after a trial.

1

II.

2

CONCLUSION

3

4                The Court should grant at least a two-month continuance.

5

6                                          Respectfully submitted,

7                                          SEAN K. KENNEDY
                                           Federal Public Defender
8

9
     DATED:  January 2, 2008              By
10                                            CARLTON F. GUNN
                                           Deputy Federal Public Defender
11

12

13                                         Respectfully submitted,

14                                         SEAN K. KENNEDY
                                           Federal Public Defender
15

16
     DATED:  January 2, 2008              By
17                                            CHARLES C. BROWN
                                           Deputy Federal Public Defender
18

19

20

21

22

23

24

25

26

27

28