SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
CHARLES C. BROWN (No. 179365)
Deputy Federal Public Defender
(E-mail: charles_brown@fd.org)
CARLTON F. GUNN (No. 112344)
Deputy Federal Public Defender
(E-mail: Carlton_Gunn@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-4795
Facsimile (213) 894-0081

Attorneys for Defendant
MICHAEL PEPE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | NO. CR 07-168-DSF |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF GOVERNMENT "GROOMING" EXPERT SPECIAL AGENT JAMES T. CLEMENTE |
| v. | |
| MICHAEL PEPE, | |
| Defendant. | |

Defendant Michael Joseph Pepe, by and through his attorneys of record, Deputy Federal Public Defenders, Charles C. Brown and Carlton F. Gunn, hereby moves in limine for an order precluding the government from introducing at trial the testimony of government "grooming" expert Special Agent James T. Clemente and/or a *Daubert* hearing regarding the admissibility of such testimony.

/

/

/

This motion is based upon the attached Memorandum of Points and Authorities, Declaration of Counsel, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: April 21, 2008          By /s/
                                  CHARLES C. BROWN
                                  Deputy Federal Public Defender

DATED: April 21, 2008          By /s/
                                  CARLTON F. GUNN
                                  Deputy Federal Public Defender

MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On April 9, 2008, the government notified defense counsel that it intends to introduce the testimony of Special Agent James T. Clement with the Federal Bureau of Investigations. According to the government, agent Clemente will testify about "grooming," which, according to the government is "the contacting and gaining the trust of a child victim and, at times, a child victim's parent(s) . . . in order to gain access to the child for the purpose of engaging in, or attempting to engage in, sexual or other inappropriate acts with the child victim." According to the government, agent Clemente "will not offer any opinion regarding the defendant or the victims in the case . . . he will educate the jury about grooming and about the subject matter in the enclose powerpoint slides." Exhibit A, Govt's Expert Disclosure Letter, April 9, 2008.

The defense objects to the introduction of any such evidence at trial for the reasons stated below.

## II.

## ARGUMENT

**The Proffered Testimony of Special Agent Clemente Is Based on Unreliable Speculation, Not Properly the Subject Matter of Expert Testimony, Is More Prejudicial than Probative and Should Be Excluded**

1. <u>Rule 702</u>

The seminal cases defining the court's gatekeeping tasks in determining the admissibility of expert testimony are *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny *Kumho Tire Co. v. Carmichael*, 526 U.S.137 (1999). In *Daubert,* the Supreme Court focused on scientific testimony and

3

interpreted Rule 702 and articulated general guidelines for its application. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579. *Kumho* made clear that *Daubert's* principles apply to "technical and other specialized knowledge" as well. *Kumho*, 526 U.S. at 141.

In interpreting *Daubert* and *Kumho*, the Ninth Circuit has ruled that care must be taken to assure that a proffered witness truly qualifies as an expert, and that such testimony meets the requirements of Rule 702[1]. *Jinro America Inc. v. Secure Investments, Inc.* 266 F.3d 993, 1004 (9th Cir. 2001). In order to properly exercise its gatekeeping function the district court must determine that the proffered expert testimony is both reliable and relevant. *Id.*

Reliability means "more than subjective belief or unsupported speculation." *Id.* In order to qualify as "scientific knowledge," an inference or assertion must be derived by the scientific method and "where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, ... the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [the relevant] discipline." *Jinro*, 266 F.3d at 1005, citing *Kuhmo* 526 U.S. at 149.

Finally, even if the proffered testimony is reliable and relevant it may still be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." *Daubert*, 509 U.S. at 595. As the Court observed, "expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule

---

[1]   Rule 702 provides:

   If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. FED.R.EVID. 702

4

403 . . . exercises more control over experts than lay witnesses." *Id.*

        2.      <u>Special Agent Clemente's Proffered Testimony is Unreliable</u>.

The government seeks to use agent Clemente, not to testify about any specific findings or observations in this case, but to ostensibly "educate the jury about grooming" in a general sense. According to the government, "grooming" is the process by which suspects gain the trust of a child or his or her parents in order to engage in inappropriate acts. Included in the government's proffer is a detailed powerpoint presentation that contains numerous pseudo-psychological terms in bold print relating to various "Axis" along the "Child Sex Victimization Continuum." Exhibit A, Bates 6506-6514.

As with Dr. Wendy Freed, there is no doubt Special Agent Clemente has substantial experience working with victims of sexual abuse. Yet it does not appear that his conclusions based upon that experience are reliable as applied to this case. As an initial matter, his testimony, from what the defense can tell, does not deal specifically with the relationship between Mr. Pepe and the alleged victims in this case. Like Dr. Freed, Special Agent Clemente has never interviewed Mr. Pepe nor has he interviewed any of the alleged victims. Rather his conclusions are based upon years of experience dealing with victims of sexual abuse and collecting anecdotal evidence of what occurred in those situations.

The fundamental problem with agent Clemente's testimony is that his conclusions are, at best, experienced speculation. None of his assumptions/opinions about "grooming" can be tested. Nor is there any indication that these conclusions have been generally accepted in the national community. The level of peer review is unknown but certainly does not rise to the level expected in *Daubert* when scientific theories are published and colleagues attempt to buttress or refute the findings in their own laboratories across the nation.

While these agent Clemente's field of training may be specialized, the basis of

his opinions are at best subjective belief or as argued above, experienced speculation. His theories about "situational" and "preferential" sexual offenders are too generalized and too subjective to be deemed reliable as that term is understood in the *Daubert* and *Kumho* cases. As such, it is not the type of evidence that this court should admit at trial in this case.

3. <u>Any Evidence of "Grooming," "Hallmarks of Preferential Sex Offenders," and a "Child Sex Victimization Continuum" Should Be Excluded Because it Is More Prejudicial than Probative.</u>

Rule 403 of the Federal Rules of Evidence provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, evidence of "grooming" should be excluded because any probative value that the evidence may have is substantially outweighed by the danger of unfair prejudice. There can be little doubt that most people in our society place an almost superstitious faith and trust in law enforcement, especially a Special Agent from the FBI. The concern, of course, is that the jury will give undue weight to the testimony of agent Clemente and his *imprimatur* on concepts that are not any detailed observations or analysis in this case.

In fact, Agent Clemente's proffered testimony would do more to confuse the issues in this case than aid the trier of fact in this case - either Mr. Pepe's purported interaction with the alleged victims in this case and their parents was genuine or not. The jury is in the best position to weigh the testimony in this case and reach its own conclusions. Morever, it would be highly prejudicial and confusing to filter the facts in this case through the non-objective lens of a career law enforcement officer who

never spoke with either Mr. Pepe or alleged victim but couches his opinions in the subtle but inflammatory language of pseudo-science.[2]

### III.
### CONCLUSION

For the foregoing reasons, Mr. Pepe respectfully asks this court to preclude the proffered expert testimony of Special Agent Clemente.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: April 21, 2008    By /s/

CHARLES C. BROWN
Deputy Federal Public Defender

DATED: April 21, 2008    By /s/ per

CARLTON F. GUNN
Deputy Federal Public Defender

/

---

[2] For example, Agent Clemente's PowerPoint presentation contains highly visual graphs and charts depicting "The Child Sexual Victimization Continuum" that seeks to describe in multi-dimensional "axis" the difference between "exploited," "molested," "tricked," "groomed," and "seduced." Such language seems to presume or infer Mr. Pepe's guilt but completely lacks foundation.

7