```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    PATRICIA A. DONAHUE (SBN: 132610)
 4  JOHN J. LULEJIAN (SBN: 186783)
    Assistant United States Attorneys
 5  Violent and Organized Crime Section
         United States Courthouse
 6       312 North Spring Street, 15th floor
         Los Angeles, California 90012
 7       Telephone:   (213) 894-0640/8603
         Facsimile:   (213) 894-3713
 8       E-mail:      Patricia.Donahue@usdoj.gov
         E-mail:      John.Lulejian@usdoj.gov
 9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 07-168(A)-DSF |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S MOTION IN LIMINE TO</u> <u>PRECLUDE ANY TESTIMONY, EVIDENCE,</u> |
| v. | ) <u>REFERENCES, OR ARGUMENTS ABOUT</u> <u>DEFENDANT'S ALLEGED MENTAL</u> |
| MICHAEL JOSEPH PEPE, | ) <u>CONDITIONS</u> |
| Defendant. | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby moves in limine to preclude any testimony, evidence, references, or arguments about Defendant's alleged mental conditions, including but not limited to bipolar disorder, depression, and sleep disorders.

This motion is made pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure and is based on the attached memorandum of points and authorities, all files and records in this case, and such further evidence and argument as may be presented, should the Court request a hearing on this motion.

Dated: April 29, 2008        Respectfully submitted,

                             THOMAS P. O'BRIEN
                             United States Attorney

                             CHRISTINE C. EWELL
                             Assistant United States Attorney
                             Chief, Criminal Division


                             _/s John J. Lulejian_____
                             PATRICIA A. DONAHUE
                             JOHN J. LULEJIAN
                             Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 United States of America

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Michael Joseph Pepe, an American citizen, traveled to Cambodia, where he molested, raped, and/or sexually abused at least seven minor girls. Based on this criminal conduct, Defendant is charged with seven counts of Engaging in Illicit Sexual Conduct in Foreign Places, in violation of Title 18, United States Code, Section 2423(c).

The government has learned that Defendant claims that he suffers from a variety of mental ailments, including bipolar disorder, depression, and related sleep disorders. Accordingly, the government requested Defendant to give notice under Federal Rule of Criminal Procedure 12.2(b) whether he intends to introduce expert evidence of his alleged mental conditions.[1] Defendant, through his counsel, informed the government that he did not intend to introduce any expert evidence of a mental condition at trial. Nor has Defendant filed the required notice with the Court.

The government therefore moves to preclude any evidence, testimony, references, or arguments related to these alleged mental conditions at trial. Because the alleged mental

---

[1] Rule 12.2(b) provides in relevant part,

> If a defendant intends to introduce expert evidence relating to a mental disease or defect of any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must-within the time provided for filing a pretrial motion or at any later time the courts sets-notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk.

1 conditions are not being asserted as a defense, they are not
2 relevant to the charges in the case.  <u>See</u> Fed. R. Evid. 402.
3 Defendant should not be allowed to circumvent Rule 12.2 by
4 bringing evidence in through lay witnesses, as that testimony or
5 evidence would be hearsay.  <u>See</u> Fed. R. Evid. 701, 802.
6 Moreover, because the diagnosis and treatment of a mental
7 condition requires specialized training and knowledge, lay
8 witnesses would be precluded from opining on that topic.  <u>See</u>
9 Fed. R. 701 ("If the witness is not testifying as an expert, the
10 witness' testimony in the form of opinion or inferences is
11 limited to those inferences and opinions which are . . . (c) not
12 based on scientific, technical, or other specialized knowledge
13 within the scope of Rule 702.").  Nor may Defendant introduce
14 evidence that he allegedly is suffering from a mental condition
15 through his out of court statements, as those statements are
16 self-serving hearsay.  <u>See</u> Fed. R. Evid. 801(d)(2)(A); <u>United
17 States v. Fernandez</u>, 839 F.2d 639, 640 (9th Cir. 1988); <u>United
18 States v. Willis</u>, 759 F.2d 1486, 1501 (11th Cir. 1985).

19     Finally, even if Defendant can circumvent the rules
20 regarding hearsay and somehow demonstrate that testimony and
21 evidence are somehow relevant to this case, that testimony and
22 evidence should still be precluded under Rule 403.  Under Rule
23 403,

> evidence may be excluded if its probative value is
> substantially outweighed by the danger of unfair
> prejudice, confusion of the issues, or misleading the
> jury, or by considerations of undue delay, waste of
> time, or needless presentation of cumulative evidence.

    In the instant case, the probative value of any evidence

related to an alleged mental condition is substantially outweighed by the danger of unfair prejudice.  Because Defendant is not claiming a mental defense, he cannot introduce the alleged mental conditions as a basis for explaining any of his actions.  If the Court were to allow this testimony and evidence, the government may respond by eliciting the testimony of a mental professional.  This, as a matter of practical necessity, could delay the proceedings.

Accordingly, for the foregoing reasons, the government respectfully requests that the Court preclude Defendant from introducing any evidence, testimony, or argument about his alleged mental conditions.