```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    PATRICIA A. DONAHUE (SBN: 132610)
 4  JOHN J. LULEJIAN (SBN: 186783)
    Assistant United States Attorneys
 5  Violent and Organized Crime Section
         United States Courthouse
 6       312 North Spring Street, 15th floor
         Los Angeles, California 90012
 7       Telephone:   (213) 894-0640/8603
         Facsimile:   (213) 894-3713
 8       E-mail:      Patricia.Donahue@usdoj.gov
         E-mail:      John.Lulejian@usdoj.gov
 9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA
```

                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 07-168(A)-DSF |
|---|---|
| Plaintiff, | ) GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY TESTIMONY, EVIDENCE, REFERENCES, OR ARGUMENTS ABOUT THE MCMARTIN PRESCHOOL CASES |
| v. | |
| MICHAEL JOSEPH PEPE, | ) Hearing Date: May 7, 2008 |
| Defendant. | ) Hearing Time: 8:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby moves *in limine* to preclude any testimony, evidence, references, or arguments about the McMartin Preschool cases or other unrelated cases where charges of improper questioning of children was alleged.

This motion is made pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence and is based on the attached memorandum of points and authorities, all files and records in this case, and such further evidence and argument as may be presented, should the Court request a hearing on this motion.

Dated: May 5, 2008   Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


*/s John J. Lulejian*
PATRICIA A. DONAHUE
JOHN J. LULEJIAN
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Michael Joseph Pepe has informed the government that he intends to call Dr. Michael Maloney to testify as an expert witness for him during his case-in-chief. According to Defendant, Dr. Maloney "testified as an expert in the well-known McMartin child abuse state court case a number of years back." (Defendant's counsel's letter is attached hereto as Exhibit A.) The government anticipates that Dr. Maloney and defense counsel will refer to the McMartin Preschool case during the upcoming trial. Such testimony or allusion is not appropriate.

Thus, for the reasons set forth below, the government respectfully requests that the Court preclude Defendant from introducing any testimony, evidence, references, or arguments about the McMartin Preschool cases.

Under the Federal Rules of Evidence, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is not admissible to create sympathy on the part of the jury. See United States v. Paccione, 949 F.2d 1183, 1201 (2d Cir. 1991); United States v. Buljubasic, 808 F.2d 1260, 1267-68 (7th Cir. 1987).

The McMartin Preschool cases arose from 1983 allegations of mass child abuse at a Manhattan Beach, California, preschool. The case involved the testimony of preschool children who said

that they were subject to ritualistic child abuse by the staff of the preschool. One issue raised during the state court proceedings was the methods law enforcement used to question the toddlers, which may have led to the acquittal of some of the staff members.

The McMartin Preschool cases have been the subject of considerable controversy, even 25 years after the allegations first surfaced. See Ellenberger v. Espinosa, 36 Cal. Rptr. 2d 360, 363 (Cal. App. 1994) (characterizing McMartin Preschool as "highly publicized child molestation case"); Satz v. Superior Court, 275 Cal. Rptr. 710, 711 (Cal. App. 1990) (characterizing McMartin Preschool investigation as "infamous"); Utah v. Bullock, 791 P.2d 155, 162 (Utah 1989) (same). The cases have spawned numerous articles, books, and a television movie. See, e.g., Indictment: The McMartin Trial (HBO Pictures 1995); Paul Eberle and Shirley Eberle, The Abuse of Innocence: The McMartin Preschool Trial (1993). Further, those cases were not only litigated in the Los Angeles Superior Court, but also the appellate courts of California, this Court and the United States Court of Appeals for the Ninth Circuit. See Buckey v. County of Los Angeles, 968 F.2d 791 (9th Cir. 1992); Spitler v. Children's Institute Int'l, 14 Cal.Rptr.2d 197 (Cal. App. 1992); Satz v. Superior Court, 275 Cal.Rptr. 710 (Cal. App. 1990); McMartin v. Children's Institute Int'l, 261 Cal.Rptr. 437 (Cal. App. 1989). Moreover, the litigation surrounding the McMartin Preschool cases involved a host of issues, only one of which was the manner in which the young child victims (all preschool age) were

questioned. In addition to being factually different (mass allegations of abuse, including participation in satanic rituals, by <u>preschool children</u>), the case raised a number of legal concerns about the child interviewing techniques used in those cases which may not be applicable to this case. Nor does the manner in which children were interviewed in other cases make it any more or less likely that Defendant committed the crime charged – traveling to Cambodia and sexually abusing seven minor girls.

The government recognizes that Dr. Maloney may opine at trial that the interviews of the victims in Cambodia were not conducted as he would conduct those interviews in the United States. Regardless of whether his opinion is correct, it does not give him or the defense license to raise the specter of the McMartin Preschool cases in the instant prosecution. The conduct of another investigating agency in a case involving facts significantly different from those before the Court simply is not relevant.

Aside from not being relevant, reference to the McMartin Preschool cases or other similar cases also improperly would inflame the passions of the jury. <u>See</u> Fed. R. Evid. 403. A jury reminded of the "infamous" McMartin Preschool cases, or asked to associate other such cases with this case, likely will become distracted from what is at issue. The jury is likely to be moved by passion and a desire to address in this case the perceived wrongs allegedly committed in other cases. Thus, the jury would be inclined to base their determination of the manner in which

3

the interviews were conducted not on what the interviewing agents themselves did and saw, but on what the jurors have heard outside the courtroom.[1]  See California v. Earp, 978 P.2d 15, 31 (Cal. 1999) (affirming trial court's rejection of defense voir dire that included following questions: "Do you believe the people charged in the McMartin Preschool case were guilty of child molestation?").  Thus, the probative value of any evidence related to the McMartin Preschool cases or any other unrelated case is substantially outweighed by the danger of unfair prejudice.

    Accordingly, for the foregoing reasons, the government respectfully requests that the Court to preclude any testimony, evidence, references, or arguments about the McMartin Preschool cases or other unrelated cases where charges of improper questioning of children was alleged.

---

[1] Likewise, it would not be appropriate for the government to mention the Warren Jeffs or Josef Frizel scandals, or any of the successful prosecutions of defendants under the statute for which Defendant is charged.  Like the McMartin Preschool cases, they would prejudice the jury.

4