THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
PATRICIA A. DONAHUE (SBN: 132610)
JOHN J. LULEJIAN (SBN: 186783)
Assistant United States Attorneys
Violent and Organized Crime Section
    United States Courthouse
    312 North Spring Street, 15th floor
    Los Angeles, California 90012
    Telephone:  (213) 894-0640/8603
    Facsimile:  (213) 894-3713
    E-mail:  Patricia.Donahue@usdoj.gov
    E-mail:  John.Lulejian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. CR 07-168(A)-DSF |
| Plaintiff, | GOVERNMENT'S MEMORANDUM OF LAW RE RULE 611(C) OF THE FEDERAL RULES OF EVIDENCE |
| v. | |
| MICHAEL JOSEPH PEPE, | Trial:   May 7, 2008<br>Time:    8:00 a.m.<br>Place:   Courtroom of the Honorable Dale S. Fischer |
| Defendant. | |

    Plaintiff United States of America hereby submits its memorandum of law regarding Rule 611(c) of the Federal Rules of Evidence, which permits leading questions to be asked of a

child witness on direct examination.

Dated: May 6, 2008

                              Respectfully submitted,

                              THOMAS P. O'BRIEN
                              United States Attorney

                              CHRISTINE C. EWELL
                              Assistant United States Attorney
                              Chief, Criminal Division

                              */s Patricia A. Donahue*

                              PATRICIA A. DONAHUE
                              Assistant United States Attorney

                              */s John J. Lulejian*

                              JOHN LULEJIAN
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Michael Pepe is charged with seven counts of violating 18 U.S.C. §2423(c), Engaging in Illicit Sexual Conduct in Foreign Places with seven minor girls. Minor girls will testify at trial.

Rule 611(c) of the Federal Rules of Evidence generally prohibits leading questions on direct examination of a witness. The Advisory Committee Notes, however, expressly identify the examination of child witnesses as an exception to this general rule. Fed.R.Evid. 611(c) advisory committee's note. See also 1 Fed. Jury Prac. & Instr. § 6:2 (6th ed. 2008) at Note 10 ("The Advisory Committee Notes recognize that leading questions may be necessary to develop testimony from 'the child witness or the adult with communications problems,'" citing cases.)

The Ninth Circuit agrees that leading questions may be asked of a child witness, particularly when the child is a victim of sexual abuse and is having difficulty discussing the abuse in court. For example, United States v. Archdale, 229 F.3d 861 (9th Cir. 2000), defendant was charged with sexual abuse of a 12-year-old child. Id. at 861. During direct examination, the victim failed to respond to some of the prosecutor's questions seeking specific details concerning the abuse, suggesting that the witness "was having difficulty testifying about this very personal matter." Id. at 861. The prosecutor therefore asked her leading questions in order to fully develop her testimony. Defendant appealed. Id. at 866.

The Ninth Circuit found that leading questions were necessary to develop the victim's testimony, and did not violate defendant's right to a fair trial. Archdale, 229 F.3d at 865. The Ninth Circuit particularly noted that the district judge had the opportunity to witness the victim's demeanor on the witness stand, and that in the entirety of her testimony, there was nothing to suggest that the use of leading questions caused the victim to testify untruthfully concerning the defendant's actions toward her. Id. at 866.

The Archdale court relied on United States v. Castro-Romero, 964 F.2d 942, 943 (9th Cir.1992) for the proposition that a district court will be reversed on "the basis of improper leading questions only if the judge's action ... amounted to, or contributed to, the denial of a fair trial." As in Archdale, the defendant in Castro-Romero was charged with sexual abuse of a minor. The victim, an eight year old girl, was so reluctant to testify that the district court ordered a recess during the course of her testimony. Id. at 943. The district court therefore allowed the prosecution to ask her leading questions during the direct exam to fully develop her testimony. On appeal, the Ninth Circuit affirmed, stating that "In light of the age of the witness and the nature of the testimony ... the district court did not abuse its discretion in allowing leading questions of the minor witness." Id. at 944.

In support of its decision, the Castro-Romero court cited to the Advisory Committee note to Federal Rule of Evidence 611(c) that asking leading questions of a child witness is a recognized

4

exception to the general rule.  Id. at 943.  The court also cited to United States v. Demarrias, 876 F.2d 674, 678 (8th Cir.1989) (leading questions permitted of minor sexual abuse victim); United States v. Brady, 579 F.2d 1121, 1130 (9th Cir.1978) (permitting leading questions of minor witnesses "not an unusual practice); Rotolo v. United States, 404 F.2d 316, 317 (5th Cir.1968) (leading questions permitted where the fifteen year old witness was reluctant, nervous and upset); and Antelope v. United States, 185 F.2d 174, 175 (10th Cir.1950) (leading questions permitted of minor statutory rape victim where the questions were embarrassing to her and she testified in a halting manner).  These cases remain good law.

The government respectfully informs the court that it intends to seek permission to lead minor victims in this case, should they have trouble testifying about the extremely personal and frightening nature of the abuse against them.