THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
PATRICIA A. DONAHUE (SBN: 132610)
JOHN J. LULEJIAN (SBN: 186783)
Assistant United States Attorneys
Violent and Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-0640/8603
    Facsimile:   (213) 894-3713
    E-mail:      Patricia.Donahue@usdoj.gov
    E-mail:      John.Lulejian@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOSEPH PEPE, <br><br> Defendant. | No. CR 07-0168(A)-DSF <br><br> GOVERNMENT'S MEMORANDUM OF LAW REGARDING PRIOR CONSISTENT STATEMENTS AND IDENTIFICATIONS OF DEFENDANT PURSUANT TO FEDERAL RULES OF EVIDENCE 801(d)(1)(B) & (C) <br><br> Trial Date: May 7, 2008 <br> Trial Time: 8:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, respectfully submits a memorandum

\\

\\

\\

summarizing the law regarding the admission of prior consistent statements and identifications of defendant pursuant to Federal Rule of Evidence 801(d)(1)(B) and (C).

DATED: May 6, 2008          Respectfully submitted,

                            THOMAS P. O'BRIEN
                            United States Attorney

                            CHRISTINE C. EWELL
                            Assistant United States Attorney
                            Chief, Criminal Division


                            /s John J. Lulejian
                            PATRICIA A. DONAHUE
                            JOHN J. LULEJIAN
                            Assistant United States Attorneys

                                Attorney for Plaintiff
                                UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND LAW**

**A.   Prior Consistent Statements**

Federal Rules of Evidence 801(d)(1)(B) provides that a prior consistent statement is not hearsay if it is offered "to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."  As the United States Supreme Court has stated, "[t]he Rule permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication or improper influence or motive."  Tome v. United States, 513 U.S. 150, 167 (1995).  Accordingly, for a prior consistent statement to be non-hearsay, Rule 801(d)(1)(B) requires the following:

> (1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge or recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

Arizona v. Johnson, 351 F.3d 988, 999 (9th Cir. 2003) (citing United States v. Collicott, 92 F.3d 973, 979 (9th Cir. 1996)).

Whether a declarant had a motive to fabricate when she made a prior consistent statement is a factual question in which the Court has broad discretion.  See Johnson, 351 F.3d at 998; United States v. Drury, 396 F.3d 1303, 1317 (11th Cir. 2005).

A prior consistent statement may be used to rehabilitate a witness:

> After a witness has been impeached with prior inconsistent statements, [the Ninth Circuit has] admitted the entire conversation or document from which

1

>     the impeachment statements were drawn if it has
>     significant probative force bearing on credibility
>     apart from mere repetition . . . by plac[ing] the
>     inconsistencies . . . in a broader context,
>     demonstrating that the inconsistences were a minor part
>     of an otherwise consistent account.  The opposing party
>     may not pick and choose among prior statements to
>     create an appearance of conflict and then object when
>     this appearance is rebutted by means of a fuller
>     version of the same prior statements.

Collicott, 92 F.3d at 980-81 (footnote, quotations, and citations omitted).

**B.    Identifications of Defendant**

The government anticipates calling witnesses to identify the defendant.  The prosecution is entitled to produce any evidence tending to establish a defendant's identity.  Thomas v. United States, 343 F.2d 49, 53 (9th Cir. 1965); Stovall v. Denno, 355 F.2d 731, 736-37 (2d Cir. 1966), aff'd, 388 U.S. 293 (1967).  A prior identification outside the courtroom is admissible not only to corroborate an identification made at trial, but also as independent evidence of identity.  Rule 801(d)(1)(c) of the Federal Rules of Evidence states in pertinent part:

>     A statement is not hearsay if . . .[t]he declarant
>     testifies at the trial or hearing and is subject to
>     cross-examination concerning the statement and the
>     statement is . . . one of identification of a person
>     made after perceiving the person.

According to the United States Court of Appeals for the Ninth Circuit, a prior identification is nonhearsay and, therefore, is admissible at trial, whether the statement of identification is testified to either by the eyewitness or by another witness to whom the eyewitness made the identification, where the eyewitness is available for cross-examination.  See United States v. Jarrad, 754 F.2d 1451, 1456 (9th Cir. 1985) ("Where as here, both the agent and the witness testify and are

2

available for cross-examination, the statement of identification is not hearsay."); United States v. Elemy, 656 F.2d 507, 508 (1981) ("we conclude that rule 801(d)(1)(c) encompasses the testimony of [agent] concerning the identification statements of [witness], and that this testimony was consequently not hearsay."). The rationale behind Rule 801(d)(1)(C) is that,

> admitting identification statements as out-of-court identifications are believed to be more reliable than those made under the suggestive conditions prevailing at trial, and the availability of the declarant for cross-examination eliminates the major danger of hearsay testimony. These reasons remain fully applicable when the person who testifies to the statement of identification is not the person who uttered it, so long as the latter also testifies and is available for cross-examination.

Elemy, 656 F.2d at 508.

The fact that an identification in court is less than positive does not render it inadmissible. United States v. Malatesta, 583 F.2d 748 (5th Cir. 1978); Frank v. Blackburn, 605 F.2d 910 (5th Cir. 1979), rev'd on other grounds, 646 F.2d 873 (5th Cir. 1980).