SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
CARLTON F. GUNN (No. 112344)
Deputy Federal Public Defender
(E-mail: Carlton_Gunn@fd.org)
CHARLES C. BROWN (No. 179365)
Deputy Federal Public Defender
(E-mail: Charles_Brown@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-1700
Facsimile (213) 894-0081

Attorneys for Defendant
MICHAEL PEPE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL PEPE, <br><br> Defendant. | NO. CR 07-168-DSF <br><br> **RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES RE: OBJECTIONS MADE DURING THE DEPOSITION TESTIMONY OF DEFENSE WITNESS KOEUNG LANG** |

Defendant, Michael Pepe, through his counsel of record, Deputy Federal Public Defender Carlton F. Gunn and Deputy Federal Public Defender Charles C. Brown, hereby responds to the Government's Response to Defendant's Memorandum of Points and Authorities re: Objections Made During the Deposition Testimony of Defense Witness Koeung Lang. This response is based on the attached memorandum

///

///

1 | of points and authorities, all files and records in this case, and such additional
2 | argument as may be presented to the Court.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: May 14, 2008    By /s/ Carlton F. Gunn
CARLTON F. GUNN
Deputy Federal Public Defender

DATED: May 14, 2008    By /s/ Charles C. Brown (by CFG)
CHARLES C. BROWN
Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

A. RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENSE OBJECTIONS.

As to most of the defense objections, the defense will rest on the explanation of its objections in its prior briefing, but two arguments made by the government do warrant a response. First, the government's arguments made in response to the defense objections to RT 58:15-25, RT 66:5-17, and RT 70:13-78:20 – that information concerning a witness's interest and motive to lie and/or participate the manufacturing of evidence – begs the question of how this testimony shows those things. The defense submits that the testimony does not show that this witness had an interest and/or motive to lie or participated in the manufacturing of evidence. With respect to the latter, the witness seems to be complaining that the letter which was created is not what she intended, though her concern appears to be more with appearing litigious than with her view of Mr. Pepe being mischaracterized.

Similarly, the government's response to the defense objection to RT 60:3-6, 20-24 that the witness's response shows that she was in the same prison as Sang begs the question. Just because the witness and Sang were in the same prison does not mean the witness has personal knowledge about everything Sang did or everyone Sang had contact with. It is equally possible that there was contact that the witness was not aware of except for being told by Sang, which would be knowledge that was not personal knowledge but the product of hearsay.

///
///
///
///

3

B.  RESPONSE TO GOVERNMENT OBJECTIONS.

Government's Objection to RT 7:17-8:8:

This testimony should not be stricken as hearsay. It was not offered for the truth.[1] The defense does not object to a limiting instruction. Further, the testimony was responsive to the question asked, and, in any event, the government never made an objection based on non-responsiveness.

Government's Objections to RT 8:17-24, 8:25-9:3:

The defense does not object to the striking of this testimony.

Government's Objection to RT 9:14-21:

This testimony, like the testimony at RT 7:17-8:8, should not be stricken as hearsay, because it was not offered for the truth. As with the preceding testimony, the defense does not object to a limiting instruction. Also as with the preceding testimony, the testimony was responsive to the question asked, and, again, the government never made an objection based on non-responsiveness.

Government's Objection to RT 9:22-10:3:

The question here does not call for speculation, but is an inquiry into what Sang was saying Michael would do. The answer is responsive to that inquiry.

///

---

[1] The transcript indicates that it is the prosecutor who stated, "Not offered for the truth," but in fact it was defense counsel.

4

Government's Objection to RT 10:26-11:15:

The defense does not object to striking of all of the testimony up to RT 11:10. The testimony from RT 11:10 through RT 11:15 should remain so as to give context to the question that follows at line 16.

Government's Objection to RT 12:14-19:

The testimony given here is responsive to the question asked. The question is whether the daughters in fact went to school, and the answer is that they went to school with photos and family IDs.

Government's Objection to RT 13:12-16:

The government's hearsay objection to this testimony is not well taken, because the testimony given – consistent with what the defense expected – is about what the witnesses's daughter did *not* say. This is not hearsay, but relevant circumstantial evidence, because a girl who is being abused could reasonably be expected to say something to her mother. The defense realizes the government will argue differently, but that is a matter for argument, not exclusion of evidence.

Government's Objection to RT 13:17-19:

The defense does not object to the striking of this testimony.

///
///
///

<u>Government's Objection to RT 13:20-23:</u>

The testimony which the government seeks to strike through this objection is not non-responsive. It explains the witness's answer of "No."

<u>Government's Objection to RT 15:11-13:</u>

The testimony which the government seeks to strike through this objection is not non-responsive. It explains the witness's answer of "No."

<u>Government's Objection to RT 15:14-18:</u>

The defense does not object to the striking of this testimony.

<u>Government's Objections to RT 16:7-11, 12-14:</u>

The government did not object to this testimony as non-responsive at the time of the deposition, and it should not be allowed to raise that objection for the first time now. The testimony therefore should stand.

<u>Government's Objection to RT 16:20-23:</u>

The question here, while leading to some extent, is permissible given that the witness was having trouble focusing on the exact question asked. Leading in these circumstances was helpful to give the witness an idea of the sort of thing defense counsel was asking about. That the witness did not not simply accede to the example suggested in the question is made clear by her rejection of the example, to wit, her

6

statement that the officers did not bang on the table but did other things instead.

Government's Objection to RT 29:20-25:

The defense does not object to the striking of this testimony.

Government's Objection to RT 33:18-19, 22-24:

The defense does not object to the striking of this testimony, except for the answer, "No," at line 23. This part of the answer is responsive to the question, "Did you see rope inside the defendant's house?"

Government's Objection to RT 35:15-20:

The government did not object to this testimony as non-responsive at the time of the deposition, and it should not be allowed to raise that objection for the first time now. The testimony therefore should stand.

Government's Objection to RT 38:24-39:2:

The additional testimony after "I did not say that," is not non-responsive but explains the answer. The testimony should remain.

Government's Objection to RT 38:24-39:2:

The additional testimony after "I didn't know why," is not non-responsive but explains the answer. The testimony should remain.

Government's Objections to RT 53:16-21, 54:3-7, 60:9-20:

The defense does not object to the striking of this testimony.

Government's Objection to RT 80:20-81:1:

The additional testimony after "Yes, I spoke to them," is not non-responsive but explains the answer. The testimony should remain.

Government's Objection to RT 82:22-83:5:

The additional testimony after "It's hard to say," is not non-responsive but explains why it is hard to say. Further, the prosecutor did not make an objection on the grounds of non-responsiveness, which prevented the defense from asking an additional question to which the answer would have been more clearly responsive if that were necessary. The testimony should therefore remain.

\* \* \* \* \* \* \* \* \* \* \* \*

8

Government's Objection to RT 85:17-86:1:

The defense does not object to the striking of this testimony.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: May 14, 2008        By /s/ Carlton F. Gunn
                           CARLTON F. GUNN
                           Deputy Federal Public Defender

DATED: May 14, 2008        By /s/ Charles C. Brown (by CFG)
                           CHARLES C. BROWN
                           Deputy Federal Public Defender