1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   PATRICIA A. DONAHUE (SBN: 132610)
4  JOHN J. LULEJIAN (SBN: 186783)
   Assistant United States Attorneys
5  Violent and Organized Crime Section
        United States Courthouse
6       312 North Spring Street, 15th floor
        Los Angeles, California 90012
7       Telephone:  (213) 894-0640/8603
        Facsimile:  (213) 894-3713
8       E-mail: patricia.donahue@usdoj.gov
                john.lulejian@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,   ) CR No. CR 07-168(A)-DSF
                               )
14         Plaintiff,          ) <u>GOVERNMENT'S RESPONSE TO</u>
                               ) <u>DEFENDANT'S REQUEST FOR APPOINTMENT</u>
15         v.                  ) <u>OF NEW COUNSEL TO INVESTIGATE</u>
                               ) <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
16 MICHAEL JOSEPH PEPE,        )
                               ) Status Conf. Sept. 3, 2008
17         Defendant.          ) Time:      3:00 p.m.
                               ) Place:  Courtroom of the Hon.
18 _____)         Dale S. Fischer

     Plaintiff United States of America hereby submits its response to defendant's request for appointment of new counsel to investigate a possible claim of ineffective assistance of counsel.  This response is based on the attached memorandum of

points and authorities and the files and records of this case.

Dated: August 29, 2008

                        Respectfully submitted,

                        THOMAS P. O'BRIEN
                        United States Attorney

                        CHRISTINE C. EWELL
                        Assistant United States Attorney
                        Chief, Criminal Division

                        *s/Patricia A. Donahue*
                        PATRICIA A. DONAHUE
                        JOHN J. LULEJIAN
                        Assistant United States Attorneys

                            Attorneys for Plaintiff
                            United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

At defendant's request, the court has set a status conference so that defendant may request appointment of new counsel for the purpose of investigating a possible claim of ineffective assistance of counsel.  The government respectfully requests that the court deny defendant's request as premature. If defendant chooses to pursue a claim of ineffective assistance of counsel he can do so after the judgment of conviction has become final, in a collateral proceeding where he will have an opportunity to attempt to develop a record that he could argue supports his claim.

Defendant has requested the forms necessary to file a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel.  Section 2255 authorizes the filing of a motion by "a prisoner in custody under sentence of a court . . . "  28 U.S.C. § 2255(a).  The motion must be filed within one year from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).  A judgment and conviction are not final for § 2255 purposes until both the conviction and sentence are final. See United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005).  Defendant has not yet been sentenced.  After he is sentenced and his judgment and conviction have become final, he will have the right to direct appellate review, and thereafter, collateral review, when he can attempt to develop his ineffective assistance of counsel claims.  The Ninth Circuit repeatedly has held that an ineffective assistance of counsel claim should be brought in a collateral proceeding, rather than on direct appeal,

so that the record can be developed.  "Ordinarily, a plea of ineffective assistance of counsel should be brought in a collateral proceeding under 28 U.S.C. § 2255 because the appellate record often lacks a sufficient evidentiary basis as to 'what counsel did, why it was done, and what, if any, prejudice resulted.'"  United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir. 1995) (quoting United States v. Molina, 934 F.2d 1440, 1446 (9th Cir. 1991)).

At this point, a § 2255 motion would be premature.  There is no basis for the court to appoint defendant new counsel now to commence an investigation into the work that current counsel have done to date in this case.  Accordingly, the government respectfully requests that the court deny defendant's request.