NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
PATRICIA A. DONAHUE (Cal. Bar No. 132610)
STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
DAMARIS DIAZ (Cal. Bar No. 277524)
Assistant United States Attorneys
    1200/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0640/3756/0302
    Facsimile:  (213) 894-0141
    E-mail:  patricia.donahue@usdoj.gov
             stephanie.christensen.@usdoj.gov
             damaris.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL JOSEPH PEPE,<br><br>        Defendant. | No. CR 07-168(C)-DSF<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE USE OF THE TERM "RAPE KIT" (CR 632); EXHIBITS<br><br>Hearing Date:  March 2, 2020<br>Hearing Time:  10:00 a.m.<br>Location:  Courtroom of the Hon. DALE S. FISCHER |

        Plaintiff United States of America, by and through its counsel of record, hereby files its Opposition to Defendant's Motion *In Limine* To Preclude The Use Of The Term "Rape Kit" (CR 632). This opposition is based on the attached memorandum of points

//

and authorities and exhibits, the extensive files and records in this case, and any further evidence and argument as the Court may permit.

Dated: February 18, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____
STEPHANIE S. CHRISTENSEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant has moved *in limine* for the Court to preclude use of the term "rape kit" in both testimony and in argument. He argues that the term is more prejudicial than probative and should be excluded under Rule 403. In the first trial, the government did not elicit the term "rape kit" from any witness, nor does it intend to do so in the re-trial. But the government does intend to use the term in closing argument to the jury. Several of the victims did, and will again, testify that Defendant used specific materials to forcibly rape them, including cloth, rope, a sedative drug, and lubrication. This collection of materials routinely used to sexually assault resisting children, is, more concisely, a rape kit. The government should be permitted to argue that it is such.

### II. BACKGROUND

At the first trial, several of the children explained how Defendant drugged them before sexual abuse, use lubricant as part of that abuse, and tied them up with cloth or rope before the first time he raped them. *See* RT 05/13/08 afternoon session at 13–21 (victim T.C. described being drugged, tied up, and raped); RT 05/14/08 at 19–36 (victim L.K. described being drugged, tied up, use of oil, and raped); RT 05/14/08 at 107–115 (victim N.T.D. described being tied up with rope and having her mouth taped); RT 05/15/08 14–21 (victim I.T. described being drugged, tied up, gagged, use of KY Jelly, and raped); RT 05/15/08 82–85 (victim S.R. described being drugged and use of oil in rubbing Defendant's penis).

In the closet/wardrobe in Defendant's bedroom, law enforcement recovered baby oil (with a green cap, not the separate pink- capped bottle that was recovered from the maid's room that is discussed in Defendant's motion and Exhibit B thereto), cloth strips with pre-tied slip knots, a yellow bag with rope and tape, a shaving kit with KY Jelly, and an empty blister pack of Kamagra (similar to Viagra). *See* Exhibit 1 (containing RT 05/09/08 at 163–70 (testimony of Gary Phillips describing items in closet/wardrobe); Government's Trial Exhibit 1100 (picture of the wardrobe); Government's Trial Exhibit

1101 (picture of wardrobe showing top shelf with yellow bag); Government's Trial Exhibit 1104 (picture of open yellow bag)).  Other drugs were recovered from Defendant's house, including Valium, Rohypnol, morphine, and Viagra.  *See* Exhibit 2 (containing excerpts of Gary Phillips' testimony RT 05/13/08 at 80).

### III.  LEGAL STANDARD

Rule 403 provides, in pertinent part, that a court may exclude relevant evidence "if its probative value is <u>substantially</u> outweighed by the danger of . . . unfair prejudice . . . [or] misleading the jury."  Fed. R. Evid. 403 (emphasis added).  "Unfair" prejudice under Rule 403 means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *Id.*, Advisory Committee Notes (2011).

The weighing of probative value versus prejudicial effect is left to the sound discretion of the trial court.  *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).  Where evidence is otherwise relevant, excluding it under Rule 403 is an "'extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence.'"  *United States v. Patterson*, 819 F.2d 1495, 1504 (9th Cir. 1987) (quoting *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985)); *see also United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) ("We have also recognized that Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance . . . should be struck in favor of admissibility.").

In applying the test, the Ninth Circuit has provided the following guidance:

> "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.  Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.  Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."

*United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)).

## IV. ARGUMENT

Relying entirely on Rule 403, Defendant makes three argument for exclusion, none of which has merit. First, he argues that the term "rape kit" improperly appeals to the jury's emotions inserting "fear and terror." (Mot. at 2.) It does no such thing. It is Defendant's brutal rapes of the children that are disturbing, not the materials he routinely used to commit those rapes, nor the government's description of those materials as a "rape kit." In seeking to exclude the term, Defendant improperly attempts to sanitize his trial. *See United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008) ("The trial judge's job is to avoid unfair prejudice. The court is not required to scrub the trial clean of all evidence that may have an emotional impact.").

Numerous courts have denied similar efforts to restrict the use of mere words in criminal trials, especially in the argument of counsel. *See, e.g., United States v. Skillman*, 922 F.2d 1370, 1373–74 (9th Cir. 1990) (affirming the district court's admission of term "skinhead" in a case where a cross was burned in an African-American family's yard); *United States v. Bundy*, No. 2:16-CR-46-GMN-PAL, 2017 WL 521775, at *2 (D. Nev. Feb. 7, 2017) (denying motion to preclude references to defendants as "gunmen" and "snipers" despite the negative connotations because the terms accurately describe what the responding officers observed of the defendants—the defendants were men with guns and stood at a higher vantage point); *United States v. Kot*, No. 2:10-CR-00280-KJD, 2012 WL 1657118, at *3 (D. Nev. May 10, 2012), aff'd, 583 F. App'x 716 (9th Cir. 2014) (denying defendant's motion to preclude use of the phrase "straw buyer" and referring to the phrase as a "summary term."); *United States v. Ruskjer*, No. 09-CR-00249-HG, 2011 WL 3841854, at *4 (D. Haw. Aug. 29, 2011) (denying defendant's motion to preclude reference to the term "Ponzi scheme" at trial, reasoning that the term merely describes the nature of defendant's alleged fraudulent activity in a succinct fashion.); *United States v. Western Titanium, Inc.*, 2010 U.S. Dist. LEXIS 108437, *14–*16 (S.D. Cal. Oct. 12, 2010) (denying defendant's motion to

exclude government counsel from using certain phrases reasoning that the jury would be instructed that the arguments of counsel are not evidence).

The collection of items that the testimony did, and will again, show was used by Defendant to rape children, is more precisely called a rape kit. The government should be allowed to use the term in argument to the jury. The court will undoubtedly instruct the jury that the argument of counsel is not evidence.

Defendant's other two arguments are equally unpersuasive. Defendant argues that the term "rape kit" is a "legal conclusion that the government is seeking to prove before it has done so." (Mot at 2.) This argument makes no sense in the context of a closing argument which necessarily occurs after the presentation of the evidence.

Finally, Defendant argues that the term is misleading because the materials were not found together in the same bag or same room. (Mot. at 3.) As an example, he excerpts testimony from Special Agent Gary Phillips regarding the location of a pink-capped bottle of baby oil which was recovered from the maid's room. (Mot. at Ex. B.) But he ignores the green-capped bottle of baby oil recovered from the wardrobe/closet of Defendant's bedroom. *See* Exhibit 1, RT 05/09/08 at 163. Also in the closet was the yellow bag containing the rope and tape, as well as cloth strips with pre-tied slip knots. *Id*. The fact that Cambodian law enforcement later took items from various locations and bagged them together by subject matter doesn't change the fact that Defendant had the materials he routinely used to rape children readily accessible in his locked bedroom. The government argued exactly that in closing argument in the first trial. *See* Exhibit 3.

## V. CONCLUSION

The term "rape kit" is a concise description and the Court should permit its use by government counsel in argument.

4