TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
DAMARIS DIAZ (Cal. Bar No. 277524)
LYNDA LAO (Cal. Bar No. 260872)
Assistant United States Attorneys
    1200/1300/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3756/0302/7167
    Facsimile: (213) 894-3713
    E-mail:    stephanie.christensen.@usdoj.gov
               damaris.diaz@usdoj.gov
               lynda.lao@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-168(C)-DSF |
| Plaintiff, | BRIEF IN RESPONSE TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS REGARDING INNOCENT-ROUND-TRIP DOCTRINE AND VENUE |
| v. | |
| MICHAEL JOSEPH PEPE, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, hereby files a Brief in Response to Defendant's Requested Jury Instructions Regarding Innocent-Round-Trip Doctrine and Venue.

//

This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 8, 2021

Respectfully submitted,
TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____
STEPHANIE S. CHRISTENSEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

At the end of the government's case-in-chief, defendant provided the Court with a written motion requesting judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The Court advised that it would reserve ruling on the motion until after the jury reached a verdict.

As part of that brief, as an alternative to dismissal, defendant requested two jury instructions relating to Counts 3 and 4 under 18 U.S.C. § 2241(c). The first instruction is simply wrong and should not be given. The second instruction is incomplete.

## II. Defendant is Not Entitled to a Separate Jury Instruction Under *Mortensen*

The jury instruction that defendant has proposed regarding "[o]ne who takes an innocent round trip" is legally incorrect and unnecessary. In *Mortensen v. United States*, 322 U.S. 369 (1944), two brothel owners took two of their employees on a vacation as a break from prostitution, and the entourage in fact took that break; they did not engage in any prostitution or debauchery during the trip. *Id.* at 375. Furthermore, "under the circumstances of that case," the return journey could not be separated from the innocent round trip as a whole because there was no evidence of any change in the innocent purpose of the trip. *Id.* Because "[t]he sole purpose of the journey from beginning to end was to provide innocent recreation," there was no evidence from which a jury could find that the defendants transported the girls for the purpose of prostitution within the meaning of the Mann Act. *Id.* at 374–75 (emphasis added).

Courts have found *Mortensen* inapplicable where the defendant has dual purposes. *E.g., Forrest v. United States*, 363 F.2d 348, 349–51 (5th Cir. 1966) (distinguishing *Mortensen* where transportation was for the dual purpose of vacation and prostitution).

Here, there are separate instructions covering the purpose element, including dual purposes. Therefore, defendant is not entitled to the separate instruction he proposes. *See United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011) (a court may reject a

1

defendant's theory of the case instruction if the other instructions given in their entirety cover the defense theory).

Moreover, the instruction defendant proposes is not an accurate statement of the law. It suggests that the defendant must have formulated the requisite purpose before he leaves his residence; otherwise he is deemed to have taken "an innocent round trip."

Neither *Mortensen* nor *Twitchell v. United States*, 330 F.2d 759 (9th Cir. 1964), support that view. *Mortensen*, 322 U.S. at 374 (the intent that the girls engage in the prohibited conduct "must be found to exist before the conclusion of the interstate journey"); *Twitchell*, 330 F.2d at 761 (no showing that trip was for an immoral purpose).

*United States v. Hoffman*, 626 F.3d 992, 995–96 (8th Cir. 2010), likewise rejects this view. In *Hoffman*, the court made clear that "the return journey can be considered apart from its integral relation with the round trip as a whole, in the determination whether a violation of the [Mann] Act has occurred." *Id.* at 997 (citing *Mortensen*, 332 U.S. at 375).

In *Hoffman*, the court held that the following instruction "accurately reflect[s] the required determination":

> It is not necessary for the government to prove that illicit sexual activity was the only, or sole, purpose for transporting the minor across state lines. However, the government must prove that sexual activity with the minor, which is prohibited by law, was a dominant motive of the travel. In determining whether the government has met its burden, you should keep in mind that a person may have several different motives or reasons for doing a particular act such as traveling and all such reasons may, in varying degrees, prompt the act.

*Id.* at 996–97. The comparable instructions in this case reflect the required determination and allows the defendant to argue that the government has not established the purpose required by law.

### III. Defendant's Proposed Venue Instruction is Incomplete

Defendant also proposes a venue instruction. It is incomplete.

Title 18 United States Code Section 3237(a) has two paragraphs regarding venue:

> (a)   Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in

> another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

The Ninth Circuit has held that 18 U.S.C. § 2241(c) is a continuing offense for purposes of the venue statute, 18 U.S.C. § 3237(a). *See United States v. Lukashov*, 694 F.3d 1107, 1121 (9th Cir. 2012) ("the district court correctly held . . . that aggravated sexual abuse is a continuing offense for purposes of 18 U.S.C. § 3237(a)"). Under the first paragraph of § 3237(a), venue is proper if an "essential conduct element" of the offense begins in, continues into, or is completed in the charging district. *Id.* at 1120–21. The government agrees that under the first paragraph of § 3237(a), the government must prove by a preponderance of evidence that defendant crossed a state line into the Central District of California.

However, venue is also proper in this case under the second paragraph of § 3237(a), which provides that "[a]ny offense involving . . . transportation in interstate of foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be . . . prosecuted in any district from, through, or into which such commerce . . . moves." This provision looks to the manner in which the offense is committed, not to the offense charged as a categorical matter. *See United States v. Lozoya*, 982 F.3d 648, 653 (9th Cir. 2020) (*en banc*) (crimes committed on commercial aircraft fall under second paragraph of § 3237(a) because they involve transportation in interstate commerce). The jury may find that the manner in which defendant committed the offense "involved" transportation in interstate or foreign commerce if he used a form of transportation to travel between states with intent to engage in a sexual act with a person under 12 years old.

Accordingly, the jury instruction should read:

If you find defendant guilty on either Count 3 or Count 4, you must also determine what is called "venue." Unlike all of the other requirements, which must be proven beyond a reasonable doubt, the government is only required to prove venue by a preponderance of the evidence; that is, that it is more probable than not. The government may prove venue by showing: (1) that defendant crossed the eastern California state line into San Bernardino County or Riverside County, (2) that defendant crossed the western California state line from the Central District of California (which includes Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara, and Ventura Counties), or (3) that defendant's offense involved transportation in interstate commerce, and such commerce moved through or into the Central District of California (which includes Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara, and Ventura Counties).

The Special Verdict Form Should be altered to include the following:

If you unanimously found the defendant guilty as charged in this count proceed to paragraph 3.

3. We, the Jury, unanimously find by a preponderance of the evidence that (check all that apply; if none apply leave blank):

\_\_\_\_\_    Defendant crossed the Eastern California State line into San Bernardino County or Riverside County

\_\_\_\_\_    Defendant crossed the Western California State line from the Central District of California (which includes Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara, and Ventura Counties)

| | |
|---|---|
| 1 | |
| 2 | \_\_\_\_\_ Defendant's offense involved transportation in interstate commerce |
| 3 | and such commerce moved through or into the Central District of |
| 4 | California |
| 5 | |

Dated: August 10, 2021                     Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_/s/_
STEPHANIE S. CHRISTENSEN
DAMARIS DIAZ
LYNDA LAO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA